UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

SHAWN M.D., )
 )
        **Plaintiff,** )
 )
v. ) Case No. 18-CV-0502-CVE-JFJ
 )
ANDREW M. SAUL, )
Commissioner, Social Security )
Administration, )
 )
        **Defendant.** )

**OPINION AND ORDER**

    Before the Court is the report and recommendation (Dkt. # 17) of Magistrate Judge Jodi F. Jayne recommending that the Court affirm the decision of the Commissioner of the Social Security Administration to deny plaintiff's claim for disability benefits. Plaintiff timely filed an objection (Dkt. # 18) to the report and recommendation, and she seeks remand for further review. Defendant has filed a response (Dkt. # 19). The Court has reviewed the record and has conducted a de novo review of those portions of the findings or recommendations to which objection was made.

**I.**

**A.**

    On August 19, 2015, plaintiff applied for benefits, alleging disability beginning on December 1, 2002, due to Guillain-Barré syndrome, lumbar disc degeneration, stomach problems, restless leg syndrome, chronic bronchitis, and arthritis. Dkt. # 11-2, at 11; Dkt. # 11-6, at 19. Plaintiff requested a hearing before an administrative law judge (ALJ), and that hearing was held on October 16, 2017, in Tulsa, Oklahoma. Dkt. # 11-2, at 11. Plaintiff appeared at the hearing and was represented by an attorney. Id.

Plaintiff was fifty years old on the date of the hearing. Id. at 34. She had completed school up to ninth grade, and has not worked since August 19, 2015. Id. She has been a banquet server, McDonald's employee, and she worked at a place where she made books, standing in one place for about twelve hours per day. Id. She lives in a house in Tulsa with two children, one eighteen and one sixteen years of age. Id. at 35. She does not have an income, but receives food stamps. Id.

Plaintiff testified that she has back and neck pain, and that if she stands, she has sharp pains that run from her back to her neck. Id. at 35-36. She can stand for about fifteen to twenty minutes at a time, sit for about thirty minutes at a time, and walk for about twenty to thirty minutes at a time before her pain starts. Id. at 36, 38. She had neck surgery on January 10, 2015, and her pain improved for about a month, then returned. Id. at 39.

She also has issues with her left arm. Id. She cannot feel her thumb, index finger, and middle finger on her left arm. Id. at 39-40. She cannot lift anything heavy. Id. at 40. She lies down around eight to nine hours per day due to medicine and pain. Id. at 41. Plaintiff has Guillain-Barré syndrome, which is a disorder in which the body's immune system attacks its nerves. Id. at 43. That disorder affects her legs, and she used to be paralyzed from the waist down and shoulders up. Id. She was diagnosed with this disorder in 2002. Id. at 44. She testified that bending down increases her pain. Id. At the time of the hearing, she was five feet three inches tall and weighed 174 pounds. Id. at 46.

**B.**

At the disability hearing, the ALJ called vocational expert (VE) Lantz Gerstner, L.P.C., a licensed professional counselor, to testify about plaintiff's ability to work. Id. at 50. The ALJ asked the VE a series of hypotheticals. Id. at 50-51. The ALJ first asked the VE whether a hypothetical

individual of the plaintiff's age, education, and past work, who is limited to light work, can occasionally lift and carry twenty pounds, frequently ten pounds, stand and/or walk at least six hours in an eight hour workday and sit at least six hours, and avoid work above shoulder level would qualify for any jobs. Id. The VE answered that the individual could be a cashier (Dictionary of Occupational Titles (4th ed. Rev. 1991) [DOT] § 211.462-010; 3,500,000 positions available), or a hand packager (DOT § 559.687-074; 519,000 positions available), which are both positions with light exertion according to the DOT. Id. at 51. Plaintiff's attorney then asked whether the VE's answer would change if there was a limitation of the upper extremity of occasional use in all directions. Id. at 51-52. The VE stated that all positions require frequent handling. Id. at 52.

## C.

On December 22, 2017, the ALJ issued a written decision finding plaintiff not disabled. Id. at 18. The ALJ first found that plaintiff had not engaged in substantial gainful activity since August 19, 2015. Id. at 13. He also found that she had the severe impairments of degenerative disc disease of the spine status post cervical surgery and obesity, and that her impairments were not equivalent to the ones listed in 20 C.F.R., Part 404, Subpart P, Appendix 1. Id. at 13. The ALJ found that plaintiff's Guillain-Barré syndrome does not create specific functional limitations "because her impairment [had been] resolved." Id.

The ALJ next formulated plaintiff's residual functional capacity (RFC), taking into account the medical evidence and testimony. Id. at 14. The ALJ found that plaintiff could perform "light work," as defined by 20 C.F.R. § 416.967(b), with additional limitations. Id. Among the limitations in plaintiff's RFC was the determination that plaintiff

3

can occasionally lift and/or carry twenty pounds, frequently ten pounds, stand and/or walk at least six hours out of an eight-hour workday, and sit at least six hours, except [plaintiff] must avoid work above the shoulder-level.

Id.

In his RFC determination, the ALJ considered plaintiff's testimony, but found that "the intensity, persistence[,] and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . ." Id. at 15. He also found that plaintiff's "subjective reports warrant a restriction from work that would require her to lift her arms above the shoulder level." Id. at 16. The ALJ noted that State Agency Medical Consultants Kal K. Boatman, M.D., and James Metcalf, M.D., concluded that plaintiff can perform a full range of light work. Id. He also found that there were no substantial changes or worsening of plaintiff's lumbar degenerative disc disease. Id. at 16-17. The ALJ determined, based on the VE's testimony and these findings, that plaintiff can perform the jobs of cashier and hand packager. Id. at 18.

On July 27, 2018, the Appeals Council denied plaintiff's request for review of the ALJ's decision. Id. at 2. Plaintiff thereafter sought judicial review. The Court referred the case to the magistrate judge, who entered a report recommending that the Court affirm the Commissioner's decision. Dkt. # 17, at 9.

## II.

Without consent of the parties, the Court may refer any pretrial matter dispositive of a claim to a magistrate judge for a report and recommendation. FED. R. CIV. P. 72(b). However, the parties may object to the magistrate judge's recommendation within fourteen days of service of the recommendation. Schrader v. Fred A. Ray, M.D., P.C., 296 F.3d 968, 975 (10th Cir. 2002); Vega v. Suthers, 195 F.3d 573, 579 (10th Cir. 1999). The Court "shall make a de novo determination of

4

those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the report and recommendation of the magistrate judge in whole or in part. FED. R. CIV. P. 72(b).

The Court may not reweigh the evidence or substitute its judgment for that of the ALJ but, instead, reviews the record to determine if the ALJ applied the correct legal standard and if his decision is supported by substantial evidence. Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004). The Court must meticulously examine the record as a whole and consider any evidence that detracts from the Commissioner's decision. Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994).

The Social Security Administration has established a five-step process to review claims for disability benefits. See 20 C.F.R. § 404.1520. The Tenth Circuit has outlined the five step process:

> Step one requires the agency to determine whether a claimant is "presently engaged in substantial gainful activity." [Allen v. Barnhart, 357 F.3d 1140, 1142 (10th Cir. 2004)]. If not, the agency proceeds to consider, at step two, whether a claimant has "a medically severe impairment or impairments." *Id*. An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities. *See* 20 C.F.R. § 404.1521. At step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition "listed in the appendix of the relevant disability regulation." *Allen*, 357 F.3d at 1142. If a claimant's impairments are not equivalent to a listed impairment, the ALJ must consider, at step four, whether a claimant's impairments prevent her from performing her past relevant work. *See id*. Even if a claimant is so impaired, the agency considers, at step five, whether she possesses the sufficient residual functional capability to perform other work in the national economy. *See id.*

Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).

**III.**

Plaintiff argues that the ALJ erred by not evaluating the evidence pertaining to plaintiff's physical impairments, specifically related to her arm and shoulder problems. Dkt. # 18, at 2-3. The ALJ found that plaintiff's only limitation with regard to the use of her upper extremities was no work above shoulder level, because plaintiff reported at the September 2017 follow-up of her August 2017 bursa injection that it provided relief. Dkt. # 11-7, at 296. Plaintiff, after her bursa injection, reported "near 100% sustained improvement in shoulder pain." Id. Plaintiff argues that a reaching and handling limitation for the left arm was warranted because plaintiff's experience of relief was only for a few weeks. Dkt. # 18, at 3. However, plaintiff provides no medical records, nor did she provide testimony, that relief of her pain in her upper extremities lasted only a few weeks. It is plaintiff's burden, not the ALJ's burden, to provide medical evidence in support of the RFC. See 20 C.F.R. § 404.1512(a), 416.912(a) ("In general, you have to prove to us that you are . . . disabled."); Howard v. Barnhart, 379 F.3d 945, 949 (10th Cir. 2004) (finding that, beyond the ALJ's duty to develop the record, "the agency's burden at step five does not include the burden to provide medical evidence in support of an RFC assessment."). Additionally, the ALJ did consider the possibility that plaintiff's injection did not remedy her arm pain, because he limited her to no work that requires her to lift her arms above shoulder level due to "her residual symptoms and subjective reports." Dkt. # 11-2, at 16.

Plaintiff argues that the state agency medical reviewers could not provide guidance regarding plaintiff's limitation at such an early stage (presumably before her pain returned), and that by determining plaintiff's limitation after one bursa injection, the ALJ "impermissibly crosse[d] the line

6

between judge and doctor." Dkt. # 18, at 3. However, although the ALJ relied upon the state agency medical reviewers (Dkt. # 11-2, at 16), he considered plaintiff's "more recent development of neck pain with radiculopathy to the left upper extremity in finding that she must avoid work performed above the shoulder level." Id. at 17.

Plaintiff also argues that the ALJ's incorrect citation of records from 2016 as being after plaintiff's January 2017 surgery is reversible error. Dkt. # 18, at 3. Plaintiff argues that the incorrect dates give the impression that plaintiff's bursa injection was successful on a long-term basis and not just for a short period. Id. However, plaintiff cites to no medical evidence showing that the bursa injection was successful for just a short period. See Shinseki v. Sanders, 556 U.S. 396, 409-10 (2009) (holding that the burden of showing harmful error normally falls upon the party attacking the agency's determination). Further, the ALJ did include an above-the-shoulder limitation in the hypothetical presented to the VE due to plaintiff's arm and shoulder problems. Dkt. # 11-2, at 51. The Court finds that the magistrate judge properly found that the ALJ evaluated the evidence pertaining to plaintiff's physical impairments and, therefore, the Commissioner's decision should be affirmed.

**IT IS THEREFORE ORDERED** that the report and recommendation (Dkt. # 17) is **accepted**, and the Commissioner's decision is **affirmed**. A separate judgment is entered herewith.

**DATED** this 28th day of February, 2020.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE